# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA; STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, AND WASHINGTON; THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA; THE DISTRICT OF COLUMBIA; GUAM, PUERTO RICO, and THE U.S. VIRGIN ISLANDS, <br><br> *ex rel.* LEONARDO S. SORGI, <br><br> Plaintiffs, <br><br> v. <br><br> JAZZ PHARMACEUTICALS PLC, JAZZ PHARMACEUTICALS, INC., and JAZZ PHARMACEUTICALS IRELAND LIMITED, <br><br> Defendants. | Civil Action No. 1:21-cv-10891-PBS <br><br> Judge Patti B. Saris <br><br><br> **NOTICE OF THE STATES' OPPOSITION TO DISMISSAL OF THE STATE CLAIMS ON THE BASIS OF THE PUBLIC DISCLOSURE BAR** |

Pursuant to their respective state False Claims Acts or analogous state statutes, the Commonwealth of Massachusetts, on behalf of itself and on behalf of the States of California, Colorado, Delaware, Georgia, Hawaii, Illinois, Indiana, Louisiana, Minnesota, Montana, Nevada, New Jersey, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Vermont, and Washington, the District of Columbia, and Puerto Rico (collectively, the "States"), hereby notifies the Court that the States are each exercising their rights under their respective state False Claims Acts or analogous state statutes to oppose dismissal of Relator Leonardo S. Sorgi's Amended Complaint, on

the basis of the public disclosure bar, for each of the respective States' claims asserted therein by Relator.

On December 2, 2024, Defendants Jazz Pharmaceuticals PLC, Jazz Pharmaceuticals Inc., and Jazz Pharmaceuticals Ireland Limited (collectively, "Jazz") filed a Motion to Dismiss the Amended Complaint pursuant to the federal False Claims Act's public disclosure bar, 31 U.S.C. § 3730(e)(4)(A). In their motion, Defendants assert that the material elements of Relator's claims were in the public domain well before Relator filed this action, and that Relator has pled no other facts supporting his original source status. In addition, Defendants have asserted that the state claims in the Amended Complaint should be dismissed "[f]or all the reasons set forth above that Relator's claims fail under the federal FCA."[1]

The States hereby notify the Court that they are exercising their rights to oppose dismissal of Relator's Amended Complaint on public disclosure grounds for all applicable States' claims. Similar to the federal statute, the various state False Claims Acts or analogous state statutes, as excerpted below, provide for such opposition as follows:

**California**

The court shall dismiss an action or claim under this section, *unless opposed by the Attorney General or prosecuting authority of a political subdivision*, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed in any of the following:

(i) A criminal, civil, or administrative hearing in which the state or prosecuting authority of a political subdivision or their agents are a party.

(ii) A report, hearing, audit, or investigation of the Legislature, the state, or governing body of a political subdivision.

(iii) The news media.

---

[1] Medicaid is a joint federal-state program, and both the Relator's asserted federal FCA claims and asserted state claims at issue here are broadly governed by the same underlying legal principles and common operative facts.

(B) Subparagraph (A) shall not apply if the action is brought by the Attorney General or prosecuting authority of a political subdivision, or the person bringing the action is an original source of the information.

Cal. Gov't Code § 12652(d)(3)(A) & (B) (emphasis added).

### Colorado

A court shall dismiss an action or claim brought under subsection (2) of this section *unless opposed by the state*, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed in a state criminal, civil, or administrative hearing in which the state or its agent is a party, in a legislative, administrative, or state auditor's report, hearing, audit, or investigation, or by the news media, unless the action is brought by the state or the relator is an original source of the information.

Colo. Rev. Stat. § 25.5-4-306(5)(c)(I) (emphasis added).

### Delaware

The court shall dismiss an action or claim under this section, *unless opposed by the government*, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed:

(1) In any criminal, civil, or administrative hearing in which the government or its agent is a party;

(2) In any government-generated report, hearing, audit, or investigation; or

(3) From the news media.

The requirement to dismiss actions or claims as set forth in this subsection shall not apply to actions brought by the Attorney General or where the person bringing the action is an original source of the information.

Del. Code Ann. tit. 6, § 1206(b) (emphasis added).

**District of Columbia**

(1) Except as provided in paragraph (2) of this subsection, a court shall dismiss an action or claim under this section if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed:

(A) In a criminal, civil, or administrative hearing in which the District or its agent is a party;

(B) In a report, hearing, audit, or investigation by the Council of the District of Columbia, the Auditor of the District of Columbia, the Inspector General of the District of Columbia, or other District agency; or

(C) By the news media.

(2) A court shall not dismiss an action or claim as provided in paragraph (1) of this subsection if:

(A) The action is brought by the Attorney General for the District of Columbia;

(B) *The District is opposed to the dismissal*; or

(C) The action is brought by a qui tam plaintiff and the qui tam plaintiff is an original source of the information.

D.C. Code § 2-381.03(c-1) (emphasis added).

**Georgia**

The court shall dismiss a civil action or claim under this Code section, *unless opposed by the Attorney General*, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed:

(A) In any criminal, civil, or administrative hearing in which the State of Georgia or its employee, agent, or contractor is a party;

(B) In a legislative or other Georgia report, hearing, audit, or investigation; or

(C) From the news media,

unless the civil action is brought by the Attorney General or the person bringing the civil

action is an original source of the information.

Ga. Code Ann. § 49-4-168.2(l)(2) (emphasis added).

## Hawaii

The court shall dismiss an action or claim under this part, *unless opposed by the State*, if the allegations or transactions alleged in the action or claim are substantially the same as those publicly disclosed:

(1) In a state criminal, civil, or administrative hearing in which the State or its agent is a party;

(2) In a state legislative or other state report, hearing, audit, or investigation; or

(3) By the news media,

unless the action is brought by the attorney general or the person bringing the action is an original source of the information.

Haw. Rev. Stat. Ann. § 661-31(b) (emphasis added).

## Illinois

The court shall dismiss an action or claim under this Section, *unless opposed by the State*, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed:

(i) in a criminal, civil, or administrative hearing in which the State or its agent is a party;

(ii) in a State legislative, State Auditor General, or other State report, hearing, audit, or investigation; or

(iii) from the news media,

unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

740 Ill. Comp. Stat. Ann. 175/4(e)(4)(A) (emphasis added).

**Indiana**[2]

(e) A court does not have jurisdiction over an action or claim brought under section 4 of this chapter if the action or claim is based upon information contained in:

(1) a transcript of a criminal, a civil, or an administrative hearing in which the state or the state's agent is a party;

(2) a legislative, an administrative, or another public state report, hearing, audit, or investigation; or

(3) a news media report;

unless the person bringing the action either, before a public disclosure under this section voluntarily discloses to the state the information on which the allegations or transactions in a claim are based, or has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and the person bringing the action has voluntarily provided this information to the state before an action is filed under section 4 of this chapter.

(f) In determining whether a prior public disclosure bars a court from exercising jurisdiction over an action brought under section 4 of this chapter, *the court shall consider, but is not bound by, any objection brought by the attorney general* or the inspector general.

Ind. Code Ann. § 5-11-5.7-7(e) & (f) (emphasis added).

**Louisiana**

The court shall dismiss an action or claim in accordance with this Section, *unless opposed by the government*, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed in any of the following:

(a) A criminal, civil, or administrative hearing in which the government or its agent is a party.

(b) A congressional or government accountability office or other federal report,

---

[2] Indiana's objection is based on the reasoning stated in Relator Leonardo S. Sorgi's Opposition to Defendants' Motion to Dismiss the Amended Complaint, ECF No. 84, at pages 20-28.

hearing, audit, or investigation.

（c) The news media, unless the action is brought by the attorney general or the person bringing the action is an original source of the information.

La. Rev. Stat. Ann. § 46:439.1(D)(1) (emphasis added).

## Massachusetts

The court shall dismiss an action or claim pursuant to sections 5B to 5O, inclusive, *unless opposed by the commonwealth or any political subdivision thereof*, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed: (1) in a Massachusetts criminal, civil or administrative hearing in which the commonwealth is a party; (2) in a Massachusetts legislative, administrative, auditor's or inspector general's report, hearing, audit or investigation; or (3) from the news media, unless the action is brought by the attorney general, or the relator is an original source of the information.

Mass. G.L. c. 12, § 5G(c) (emphasis added).

## Minnesota

A court must dismiss an action or claim under this section, *unless opposed by the prosecuting attorney*, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed:

(1) in a criminal, civil, or administrative hearing in which the state or the political subdivision or its agent is a party;

(2) in a report, hearing, audit, or investigation of the legislature, the governing body of a political subdivision, the legislative auditor, or the state auditor; or

(3) by the news media.

This paragraph does not apply if the action or claim is brought by the prosecuting attorney or the person bringing the action or claim is an original source of the information.

Minn. Stat. Ann. § 15C.05(f) (emphasis added).

**Montana**

A court shall dismiss an action or claim brought under 17-8-406, *unless opposed by the governmental entity* or unless the action is brought by the government attorney or the person who is the original source of the information, if substantially the same allegations or transactions alleged in the action or claim were publicly disclosed in:

(i) a criminal, civil, or administrative hearing in which the governmental entity or an agent of the governmental entity is a party;

(ii) a state legislative, state auditor, or other governmental entity report, hearing, audit, or investigation; or

(iii) the news media.

Mont. Code Ann. § 17-8-403(6)(a) (emphasis added).

**Nevada**

*Unless the Attorney General objects*, a court shall dismiss an action or a claim made pursuant to this chapter that is substantially based on the same allegations or transactions that have been disclosed publicly:

1. In a criminal, civil or administrative hearing to which the State, a political subdivision, or an agent of the State or a political subdivision is a party;

2. In an investigation, report, hearing or audit conducted by or at the request of a house of the Legislature, an auditor or the governing body of a political subdivision; or

3. By the news media,

unless the action or claim is brought by the Attorney General, a designee of the Attorney General pursuant to NRS 357.070 or an original source of the information.

Nev. Rev. Stat. Ann. § 357.100 (emphasis added).

**New Jersey**

The court shall dismiss an action or claim under this act, *unless opposed by the Attorney General*, if substantially the same allegations or transactions as alleged in the action or

claim were publicly disclosed in a criminal, civil, or administrative hearing in which the State or an agent of the State is a party, in an investigation, report, hearing or audit conducted by the Legislature or by the news media, unless the action is brought by the Attorney General, or unless the person bringing the action is an original source of the information. For purposes of this subsection, the term "original source" means an individual who either (1) prior to a public disclosure as described in this paragraph has voluntarily disclosed to the State the information on which allegations or transactions in a claim are based, or (2) has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the State before filing an action under this act.

N.J. Stat. § 2A:32C-9(c) (emphasis added).

**New York**

The court shall dismiss a qui tam action under this article, *unless opposed by the state or an applicable local government*, or unless the qui tam plaintiff is an original source of the information, if substantially the same allegations or transactions as alleged in the action were publicly disclosed:

(i) in a state or local government criminal, civil, or administrative hearing in which the state or a local government or its agent is a party;

(ii) in a federal, New York state or New York local government report, hearing, audit, or investigation that is made on the public record or disseminated broadly to the general public; provided that such information shall not be deemed "publicly disclosed" in a report or investigation because it was disclosed or provided pursuant to article six of the public officers law, or under any other federal, state or local law, rule or program enabling the public to request, receive or view documents or information in the possession of public officials or public agencies;

(iii) in the news media, provided that such allegations or transactions are not "publicly

disclosed" in the "news media" merely because information of allegations or transactions have been posted on the internet or on a computer network.

N.Y. State Fin. Law § 190(9)(b) (emphasis added).

### North Carolina

*Unless opposed by the State*, the court shall dismiss an action or claim under this Article if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed by any of the following:

(1) A State criminal, civil, or administrative hearing in which the State or its agent is a party.

(2) A State legislative, Office of the State Auditor, or other State report, hearing, audit, or investigation.

(3) The news media.

This subsection shall not apply to any action brought by the Attorney General or when the person bringing the action is an original source of the information.

N.C. Gen. Stat. § 1-611(e) (emphasis added).

### Oklahoma

The court shall dismiss an action or claim under this section, *unless opposed by the state*, if the same allegations or transactions as alleged in the action or claim were publically disclosed in a criminal, civil or administrative hearing, in which the state or its agent is a party, in a legislative, or State Auditor and Inspector report, hearing, audit or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information. For purposes of this subsection, "original source" means an individual who either:

1. Prior to a public disclosure under subsection B of this section, has voluntarily disclosed to the state the information on which allegations or transactions in a claim are based; or

10

2. Has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the state before filing an action under the Oklahoma Medicaid False Claims Act.

Okla. Stat. tit. 63, § 5053.5(B) (emphasis added).

**Puerto Rico**

1. Bajo ninguna circunstancia una persona podrá presentar una demanda basada en alegaciones o transacciones que ya son o fueron previamente adjudicadas en un procedimiento civil o administrativo en el cual el Gobierno fue parte.

El Tribunal archivará la causa de acción, a menos que exista oposición del Gobierno, si substancialmente las mismas alegaciones o transacciones, Según allegadas en la causa de acción o reclamación, fueron reveladas públicamente:

a. en un procedimiento administrativo, civil o criminal donde el gobierno o alguno de sus agentes es parte;

b. en un informe o reporte, vista, auditoría o investigación legislativa o gubernamental; y/o

c. hoy en medios noticiosos

Esto no aplicaría en situaciones donde la causa de acción sea erradicada por el Secretario o que la persona que radica la demanda sea la fuente original de la información. Para propósitos de este artículo, "fuente original" significa un individuo que:

a. antes de que la información fuese pública según lo dispuesto en el artículo, fue quien voluntariamente le brindó al gobierno la información sobre las alegaciones y transacciones contenidas en las cuales la reclamación está basada; y/o

b. tiene conocimiento que es independiente y que materialmente le añade conocimiento o información a las alegaciones o transacciones reveladas públicamente y que ya anteriormente le proveyó esa información al gobierno antes de radicar la causa de acción.

Artículo 4.04. — Impedimento Colateral. (32 L.P.R.A. § 2934c)

> *Under no circumstances may a person file a claim based on allegations or transactions that are already or were previously adjudicated in a civil or administrative proceeding to which the Government was a party.*
>
> *(1) The court will dismiss the cause of action, unless opposed by the Government, if substantially the same allegations or transactions, as alleged in the cause of action or claim, were publicly disclosed:*
>
> *(a) In an administrative, civil or criminal proceeding in which the Government or one of its agents is a party;*
>
> *(b) in a legislative or governmental report, hearing, audit, or investigation; and/or*
>
> *(c) in the news media.*
>
> *(2) This would not apply in situations where the cause of action is filed by the Secretary or where the person filing the complaint is the original source of the information. For purposes of this article, , "original source" means an individual who:*
>
> *(a)Before the information was made public as provided in the article, he was the one who voluntarily provided the government with information about the allegations and transactions contained on which the claim is based; and/or*
>
> *(b) has knowledge that it is independent and that it materially adds knowledge or information to the publicly disclosed allegations or transactions and that it previously provided that information to the government before filing the cause of action.*

32 L.P.R.A. § 2934c (translated to English).[3]


**Rhode Island**

The court shall dismiss an action or claim under this section, *unless opposed by the state*,

if substantially the same allegations or transactions as alleged in the action or claim where

publically disclosed:

(i) In a state criminal, civil, or administrative hearing, in which the state or its agents

is a party;

(ii) In a legislative or auditor general's or other state of Rhode Island report, hearing,

audit, or investigation; or

(iii) From the news media, unless the action is brought by the attorney general or the

---

[3] English translation of the law provided by Attorney Johan M. Rosa Rodriguez of the Puerto Rico Department of Justice, Puerto Rico Medicaid Fraud Control Unit.

person bringing the action is an original source of the information.

R.I. Gen. Laws Section 9-1.1-4(e)(4)(A) (emphasis added).

**Tennessee**

The court shall dismiss an action or claim under this section, *unless opposed by the state*, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed in a criminal, civil, or administrative hearing in which the state or its agent is a party; in a state legislative, state comptroller, or other state report, hearing, audit, or investigation; or from the news media, unless the action is brought by the attorney general and reporter or district attorney general or the person bringing the action is an original source of the information.

Tenn. Code Ann. § 71-5-183(e)(2)(A) (emphasis added).

**Texas**

The court shall dismiss an action or claim under this subchapter, *unless opposed by the attorney general*, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed in a Texas or federal criminal or civil hearing in which the state or an agent of the state is a party, in a Texas legislative or administrative report, or other Texas hearing, audit, or investigation, or from the news media, unless the person bringing the action is an original source of the information.

Tex. Hum. Res. Code § 36.113(b) (emphasis added).

**Vermont**

*Unless opposed by the Attorney General*, the court shall dismiss an action or claim under subsection 632(b) of this chapter if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed:

    (1) in a criminal, civil, or administrative hearing in which the State or its agent is a party;

    (2) in a State legislative, administrative, or State Auditor's report, hearing, audit, or

investigation; or

 (3) from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

Vt. Stat. Ann. tit. 32, § 636(c) (emphasis added).

## Washington

 The court must dismiss an action or claim under this section, *unless opposed by the attorney general*, if substantially the same allegations or transactions were publicly disclosed:

 (i) In a state criminal, civil, or administrative hearing in which the attorney general or other governmental [government] entity is a party;

 (ii) In a legislative report, or other state report, hearing, audit, or investigation; or

 (iii) By the news media;

unless the action is brought by the attorney general or the relator is an original source of the information.

Wash. Rev. Code Ann. § 74.66.080(2)(a) (emphasis added; brackets in original).

 The States take no position on the other grounds for dismissal asserted in Defendants' Motion to Dismiss Relator's Amended Complaint.

<div style="margin-left:50%">

Respectfully submitted,

COMMONWEALTH OF
MASSACHUSETTS

By its attorney,

ANDREA JOY CAMPBELL
Attorney General

</div>

Dated: February 14, 2025      By: */s/ Kevin O'Keefe*
              Kevin O'Keefe, BBO # 697101
              Assistant Attorney General
              One Ashburton Place
              Boston, Massachusetts 02108
              (617) 727-2200
              kevin.okeefe@mass.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2025 a true copy of the above document was served

upon the attorney of record for each party by the ECF system.


Dated: February 14, 2025                    By: */s/ Kevin O'Keefe*_____
                                                     Kevin O'Keefe

15